Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Nelson Omar Martinez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Martinez has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

UNITED STATES of America, Plaintiff–Appellee

v.

Carlos Alberto MENDIOLA–MARTINEZ, Defendant–Appellant.

No. 14–40863
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 16, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Scott Andrew Martin, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

The Federal Public Defender appointed to represent Carlos Alberto Mendiola–Martinez has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *United States v. Flores,* 632 F.3d 229 (5th Cir.2011). Mendiola–Martinez has not filed

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Agustine SANCHEZ–HERNANDEZ,**
**also known as Agustin Sanchez,**
**Defendant–Appellant.**

**No. 14–40876**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 16, 2015.

Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Appealing the judgment in a criminal case, Agustine Sanchez–Hernandez raises an argument that he concedes is foreclosed by *United States v. Rodriguez,* 711 F.3d 541, 562–63 & n. 28 (5th Cir.2013) (en banc), in which we held that the generic, contemporary definition of "sexual abuse of a minor" does not require the age of consent to be below 17 years old and does not include the asserted age-differential requirement. He also raises an argument that he concedes is foreclosed by *United States v. Elizondo–Hernandez,* 755 F.3d 779, 782 (5th Cir.2014), *cert. denied,* —— U.S. ——, 135 S.Ct. 1011, 190 L.Ed.2d 881 (2015), which held that the Texas offense of indecency with a child by contact satisfied the generic definition of "sexual abuse of minor." Accordingly, the unopposed motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.